O

FILED
CLERK, U.S.D.C. SOUTHERN DIVISION

DEC 1 2 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                         DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIEMAE SPURLOCK,<br><br>  Plaintiff,<br><br>  vs.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>  Defendant. | Case No. CV 08-2766 RNB<br><br>ORDER REVERSING DECISION OF COMMISSIONER AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS |

Plaintiff filed a Complaint herein on May 2, 2008, seeking review of the Commissioner's denial of her applications for disability insurance benefits and Supplemental Security Income benefits. In accordance with the Court's Case Management Order, the parties filed a Joint Stipulation on December 8, 2008. Thus, this matter now is ready for decision.[1]

---

[1] As the Court advised the parties in its Case Management Order, the decision in this case is being made on the basis of the pleadings, the Administrative Record ("AR"), and the Joint Stipulation ("Jt Stip") filed by the parties. In accordance with Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined which party is entitled to judgment under the standards set forth in 42 U.S.C. § 405(g).

1

## DISPUTED ISSUES

As reflected in the Joint Stipulation, the disputed issues that plaintiff is raising as the grounds for reversal and remand are as follows:

1. Whether the Administrative Law Judge ("ALJ") gave appropriate weight to the opinions of plaintiff's treating physician.

2. Whether the ALJ appropriately considered plaintiff's obesity and determined its effects on her impairments.

3. Whether the ALJ properly evaluated plaintiff's subjective symptoms and credibility.

## DISCUSSION

With respect to Disputed Issue No. 1, the Court notes that the ALJ credited the evidence in the record that plaintiff periodically experienced nocturnal tongue biting and that the results of her EEG exam were abnormal by finding that plaintiff did suffer from a seizure disorder. (See AR 18). However, Dr. Allen's check-off type questionnaire was not supported by any clinical findings and contained no explanation of the bases for his opinions that plaintiff's seizure disorder rendered her "incapable of even low stress jobs" and would make her likely to miss work more than four days per month. (See AR 251). There was no evidence in the record that plaintiff had ever experienced a seizure during the day or had ever experienced during the day any symptoms attributable to a seizure. Therefore, for the reasons stated by the Commissioner (see Jt Stip at 5-7), the Court finds that reversal is not warranted based on the ALJ's alleged failure to give appropriate weight to the opinions of plaintiff's treating physician, Dr. Allen, regarding the severity of plaintiff's seizure disorder. See, e.g., Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir. 2004) (noting that "an ALJ may discredit treating physicians' opinions that are conclusory, brief, and unsupported by the record as a whole, . . . or by objective medical findings"); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)

("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."); Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (holding that an ALJ may reject check-off forms that do not contain an explanation of the bases for their conclusions).

With respect to Disputed Issue No. 2, for the reasons stated by the Commissioner (see Jt Stip at 8-10), the Court finds that reversal is not warranted based on the ALJ's alleged failure to appropriately consider plaintiff's obesity and determine its effects on her impairments. The consultative examiner had noted plaintiff's obesity and nevertheless concluded that she was capable of performing medium work. (See AR 135, 139). The ALJ's residual functional capacity ("RFC") assessment was more restrictive than that found by the consultative examiner, and the ALJ's decision reflects that the ALJ did consider plaintiff's obesity in assessing her RFC. He expressly found that her obesity did not further limit her ability to perform basic work functions. (See AR 19).

However, with respect to Disputed Issue No. 3, the Court concurs with plaintiff that the ALJ failed to make a proper adverse credibility determination. As summarized by the ALJ in his hearing decision, plaintiff testified inter alia at the administrative hearing that she was unable to work because of physical limitations; that she could only stand on her right ankle for 15 minutes at a time; that she could sit up to one hour at a time; that she had difficulty sleeping lately because of her seizure disorder; that she used a cane to walk when she left the house; and that she must lie down and elevate her legs throughout the day. (See AR 20; see also AR 289-99).

One of the ALJ's findings was that plaintiff's testimony was "not fully credible concerning the severity and extent of her limitations." (See AR 20). The ALJ's stated reasons for this adverse credibility determination were as follows:

> "Neither the severity nor the extent is supported by the medical evidence
> of record. While it is true that the claimant has had various physical

ailments since her alleged onset date, none of these medical problems has been disabling. The record shows the claimant's neurological examination was largely normal. She was able to walk without an assistive device, although she did have a limp on the right side. Diagnostic testing has revealed only mild limitations generally." (AR 20).

Where the claimant has produced objective medical evidence of an impairment or impairments which could reasonably be expected to produce some degree of pain and/or other symptoms, and the record is devoid of any affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of the claimant's pain and/or other symptoms only if the ALJ makes specific findings stating clear and convincing reasons for doing so. Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993); Bunnell v. Sullivan, 947 F.2d 341, 343 (9th Cir. 1991); Cotton v. Bowen, 799 F.2d 1403, 1407 (9th Cir. 1986).

Here, the ALJ implicitly found that plaintiff suffered from medically determinable impairments that could reasonably be expected to produce some degree of pain and/or other symptoms. (See AR 19-20). Since the ALJ did not make an express finding of malingering and the Commissioner has failed to cite any affirmative evidence of malingering in the record, the issue before the Court is whether the reasons given by the ALJ for his adverse credibility determination satisfy the standard set forth above.[2]

---

[2] To the extent that the Commissioner has proffered reasons in support of the ALJ's adverse credibility determination that the ALJ did not actually provide, the Court is unable to consider those reasons. See Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003); Ceguerra v. Sec'y of Health & Human Svcs., 933 F.2d 735, 738 (9th (continued...)

The Court finds and concludes that the answer is no. First, the ALJ failed to specify which statements by plaintiff concerning her pain symptoms and functional limitations were not credible and/or in what respect(s) plaintiff's statements were not credible.[3] See Smolen, 80 F.3d at 1284 ("The ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion."). Second, the ALJ's conclusory assertion that neither the severity nor the extent of plaintiff's limitations was supported by the medical evidence of record imposed a burden on plaintiff that she did not have under the governing Ninth Circuit

---

[2](...continued)
Cir. 1991) ("A reviewing court can evaluate an agency's decision only on the grounds articulated by the agency."). For example, contrary to the Commissioner's characterization (see Jt Stip at 13), although the ALJ referenced plaintiff's daily activities in his summary of her testimony (see AR 20), the ALJ did not expressly state that he was discrediting plaintiff's testimony because she was capable of performing a number of daily activities. Moreover, under Ninth Circuit jurisprudence, the daily activities to which plaintiff testified do not constitute a clear and convincing reason for rejecting her subjective testimony. See, e.g., Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("[T]he mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled."); Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) (holding that daily activities may not be relied upon to support an adverse credibility determination unless the ALJ makes an explicit finding to the effect that plaintiff's ability to perform those activities translated into the ability to perform appropriate work activities on an ongoing and daily basis); Fair v. Bowen, 885 F.2d 597, 603 (9th Cir. 1989) ("The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication.").

[3]      Although the ALJ did specifically reference plaintiff's need for a cane, stating that she was able to walk without an assistive device, plaintiff had not testified otherwise. (See AR 297).

law. See, e.g., Gonzalez v. Sullivan, 914 F.3d 1197, 1201 (9th Cir. 1990) ("The ALJ's opinion indicates that he probably disbelieved the excess pain testimony because it was 'out of proportion to the medical evidence'--an inadequate reason, since it is the very nature of excess pain to be out of proportion to the medical evidence."); Cotton, 799 F.2d at 1407 ("Requiring full objective confirmation of pain complaints before believing them 'would overlook the fact that pain is a highly idiosyncratic phenomenon, varying according to the pain threshold and stamina of the individual victim,' and it would trivialize the importance that we have consistently ascribed to pain testimony, rendering it, in the final analysis, almost superfluous."). For the same reason, the ALJ's statements to the effect that plaintiff's neurological examination was largely normal and diagnostic testing had revealed only mild limitations do not qualify as "clear and convincing reasons" for rejecting plaintiff's testimony.

## CONCLUSION AND ORDER

As to the issue of the appropriate relief, the law is well established that the decision whether to remand for further proceedings or simply to award benefits is within the discretion of the Court. See, e.g., Salvador v. Sullivan, 917 F.2d 13, 15 (9th Cir. 1990); McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); Lewin v. Schweiker, 654 F.2d 631, 635 (9th Cir. 1981). Remand is warranted where additional administrative proceedings could remedy defects in the decision. See, e.g., Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984); Lewin, 654 F.2d at 635. Remand for the payment of benefits is appropriate where no useful purpose would be served by further administrative proceedings, Kornock v. Harris, 648 F.2d 525, 527 (9th Cir. 1980); where the record has been fully developed, Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); or where remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

The Court is mindful of Ninth Circuit case authority holding that "the district court should credit evidence that was rejected during the administrative process and

remand for an immediate award of benefits if (1) the ALJ failed to provide legally sufficient reasons for rejecting the evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." See Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see also, e.g., Harman v. Apfel, 211 F.3d 1172, 1178 (9th Cir.), cert. denied, 531 U.S. 1038 (2000)[4]; Smolen, 80 F.3d at 1292; Varney v. Secretary of Health & Human Servs., 859 F.2d 1396, 1399-1401 (9th Cir. 1988). Under the foregoing case authority, when this test is met, the Court will take the improperly discredited testimony as true and not remand solely to allow the ALJ another opportunity to make specific findings regarding that testimony. However, in Connett, 340 F.3d at 876, the panel held that the "crediting as true" doctrine was not mandatory in the Ninth Circuit. There, the Ninth Circuit remanded for reconsideration of the claimant's credibility where the record contained insufficient findings as to whether the claimant's testimony should be credited as true. See id.

Here, as in Connett, the record contains insufficient findings as to whether plaintiff's testimony should be credited as true. Moreover, after considering plaintiff's testimony as a whole, the Court is not convinced that the limitations to which she testified necessarily are inconsistent with the ALJ's RFC assessment. For example, it is not clear to the Court that plaintiff's testimony, even if credited, is inconsistent with the lifting and carrying requirements for work at the light exertional level. Nor is it clear to the Court that plaintiff's testimony regarding how long she is able to stand at a time and sit at a time, even if credited, is inconsistent with a sit/stand option. The Court also notes that, in the prior administrative hearing decision, the

---

[4] In Harman, the Ninth Circuit noted that this three-part test "really constitutes a two part inquiry, wherein the third prong is a subcategory of the second." Harman, 211 F.3d at 1178 n.7.

7

ALJ made findings in support of his adverse credibility determination that the ALJ here could have repeated or incorporated. (See AR 50).

Under the circumstances presented, the Court has concluded that this is not an instance where no useful purpose would be served by further administrative proceedings; rather, additional administrative proceedings still could remedy the defects in the ALJ's decision.

Accordingly, pursuant to sentence four of 42 U.S.C. § 405(g), IT IS HEREBY ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings.[5]

DATED: December 10, 2008

*/s/ Robert N. Block*

ROBERT N. BLOCK
UNITED STATES MAGISTRATE JUDGE

---

[5] It is not the Court's intent to limit the scope of the remand.